# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Case No. 25-MJ-247** |
| | : | |
| **v.** | : | |
| | : | |
| **RAYVON HARRIS,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its request that the defendant be detained pending trial under 18 U.S.C. § 3142(f)(1)(E).   The defendant is presently charged by complaint and held without bond.   The defendant has waived his right to a preliminary hearing, and a detention hearing is scheduled for the morning of October 20, 2025.

### Introduction

The defendant is charged with unlawful possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g).[1]   On October 14, 2025, at approximately 9:25 p.m., Metropolitan Police Department (MPD) officers were on patrol in the 1000 block of 5th Street, N.W., Washington, D.C.   The officers were in full uniform in a marked car.   They observed a white motor vehicle parked in a no parking zone, and they activated their car's lights and sirens to conduct a traffic stop.

---

[1] The Government may seek detention so long as the offense "involved the possession or use of a firearm."   18 U.S.C. § 3142(f)(1)(E).   The courts have held that this phrase warrants a conduct specific inquiry.  *See, e.g., United States v. Watkins*, 940 F.3d 152 (2d Cir. 2019).   Here, while the complaint mistakenly omitted the reference to a firearm, it is clear from the statement of facts that officers recovered a firearm.

Officers approached the driver's window.  They asked the driver to lower the vehicle's windows.  The driver momentarily rolled down the rear driver's side window, before rolling it back up again.  While the rear window was down, officers observed individuals on the back seat rummaging around, consistent with an attempt to conceal something.  Officers then ordered all the individuals out for officer safety.

Defendant Ravon Harris had been sitting in the rear seat on the driver's side.  Officers conducting a plain view search of the vehicle saw a glass jar labeled "Whole Melt Extract" with a marijuana leaf in the pocket on the rear of the driver's seat, immediately in front of where Harris had been sitting.  Officers also observed a yellowish-brown residue on the glass, consistent with THC wax/hashish.  Officers immediately recognized the jar as one used to contain THC wax/hashish.

Officers placed defendant Harris under arrest for possession of a controlled substance, namely THC wax/hashish.  In a search incident to arrest, they recovered a Glock semi-automatic handgun from his front waistband.  The firearm had an extended magazine loaded with 17 rounds of nine-millimeter ammunition.

## Applicable Law

At a detention hearing, the Government may present evidence by way of a proffer.  *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).  The Court is to consider four factors under Section 3142(g): (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger posed to the community by the defendant's release.  *See* 18 U.S.C. § 3142(g); *see also United States v. Hale-Cusanelli*, 3 F.4th 449, 456 (D.C. Cir. 2021)

(determination of dangerousness is "forward looking").

<u>**Argument**</u>

As explained below, based on these factors, the Government believes detention is appropriate.

A.    <u>Nature and Circumstances of the Offenses Charged</u>

The nature and circumstances of the offense weighs in favor of detention.    As noted above, the defendant was in an illegally parked car while armed with a handgun.   The gun had an extended magazine and was loaded with 17 rounds of ammunition.   *See United States v. Blackson*, 2023 WL 1778194 at *7 (D.D.C. 2023) (noting that possessing a loaded, concealed firearm while out in public poses an inherent risk to community).

B.    <u>Weight of the Evidence</u>

The weight of the evidence against the defendant is strong.   As noted above, officers removed the gun directly from the defendant.   Accordingly, this factor favors detention.   *See United States v. Zhang*, 55 F.4th 141 (2d Cir. 2022) (noting that this factor should be given equal weight).

C.    <u>The Defendant's History and Characteristics</u>

As noted in the Pretrial Services Report (PSR), the defendant has one prior felony conviction and three misdemeanor convictions for simple assault. Further, he has 28 prior arrests, and his supervision has been revoked in his prior cases leading pretrial to suggest he is a flight risk under 18 U.S.C. § 3142(f)(2)(A).

On the other hand, according to the PSR, he has been employed for two years.   Also, he successfully completed probation in his most recent conviction which was in 2019.   Accordingly,

the Government believes this factor weighs against detention.

        D.      <u>Danger to the Community</u>

Finally, while this is a close case, given the danger posed to the community by the presence of illegal firearms, the Government believes detention is appropriate. Here, the defendant clearly possessed a firearm with a large capacity magazine, and detention is appropriate. *Blackson, supra.*

**WHEREFORE**, the Government respectfully requests that the Court order that the defendant be held pending trial in this matter.

                Respectfully submitted,

                JEANINE PIRRO,
                UNITED STATES ATTORNEY

                *Nihar R. Mohanty*
                NIHAR R. MOHANTY
                Assistant United States Attorney
                D. C. Bar No. 436-686
                601 D Street, N.W.
                Fifth Floor
                Washington, D.C.   20530
                (202) 252-7700
                Nihar.Mohanty@usdoj.gov